# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

THOMAS NAIL  
ADC #160439                                                                          PLAINTIFF

V.                                 No. 3:23-CV-29-KGB-JTR

STEVE FRANKS, Former Sheriff,  
Greene County Jail, *et al*.                                                        DEFENDANTS

## INITIAL ORDER FOR *PRO SE* PRISONERS

You and George Dwayne Guthrie, II, another inmate incarcerated in Greene County Detention Facility ("GCDF"), filed a single civil rights complaint that was severed into two separate lawsuits. The above caption contains the case number for *your* lawsuit. Any future documents you file with the Court regarding this case should clearly identify that case number.

Each of you is proceeding *pro se* in your individual actions, which means you are representing yourself, without a lawyer. Nevertheless, you must still follow the rules and procedures provided in the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Arkansas, and this Order. If you fail to do so, your individual case may be dismissed.

**First**, follow all court rules. This includes *both* the Federal Rules of Civil Procedure *and* the Local Rules for the Eastern District of Arkansas. In particular, Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second,** the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), creates the **Three Strikes Rule**:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Accordingly, if this case is dismissed as frivolous, malicious, or for failure to state a claim, your future right to proceed *in forma pauperis* in civil rights actions may be impacted. The filing fee and *in forma pauperis* requirements are discussed in further detail below.

**Third,** you are responsible for *providing the correct names and service address for each Defendant*, including the addresses for the "John/Jane Doe" Defendants. The Court will order service on all properly identified Defendants if it determines that service is appropriate after screening your claims as required by 28 U.S.C. § 1915A.[1] However, you are responsible for providing sufficient identifying information and valid service addresses for each of them.[2] Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. Because the Court has not yet screened any of the severed Complaints, **service is not appropriate at this time in any of the individual actions.**

**Fourth**, unlike criminal cases, you do not have a right to an appointed lawyer in this civil case. If your case proceeds to a jury trial, however, a lawyer will be appointed before your trial.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

[2] If the Court determines service is appropriate for any properly identified GCDF employee, service will be attempted at that address. If any Defendant is no longer employed at the GCDF, the Court will order detention facility officials to provide that Defendant's last known mailing address **under seal**. Despite these efforts from the Court, it remains your burden of providing a *valid* service address for each Defendant.

**Fifth**, discovery requests (such as interrogatories and requests for production of documents) and responses to discovery requests are not permitted to be filed with the Court. Instead, you must mail discovery requests and responses directly to counsel for the Defendant. *See* Fed. R. Civ. P. 5(d). Do not mail discovery requests to Defendants' counsel until *after*: (1) the Court has screened your claims and allowed the case to proceed forward; and (2) counsel for Defendants has filed an Answer or Motion to Dismiss your Complaint.

**Sixth,** do not send documents to the Court, unless: (1) the document is attached to a Motion permitted by the Federal Rules of Civil Procedure or to a Response to a Motion filed by Defendants; or (2) the Court orders you to file documents or other evidence. If you send any other documents to the Court, they will be returned to you.

**Seventh**, if your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing your witness list, the Court will subpoena the necessary witnesses. You should not provide the Court with your witness list until you are directed to do so in a Scheduling Order.

**Eighth**, *every civil case filed by a prisoner requires the plaintiff to pay a filing fee*. 28 U.S.C. § 1915. The PLRA states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The plain language of this statute must be taken "at face value and…[it] is each prisoner's responsibility to pay the full fee." *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). Accordingly, because this collective action has now been severed into individual cases, each Plaintiff named in the Complaint (*Doc. 1*) will be required to pay the full applicable filing fee if he elects to proceed with this action.

A $402 filing and administrative fee must be paid at the beginning of the lawsuit unless you cannot afford to pay the entire fee at once. If you cannot afford to pay the filing fee in a lump sum, you may file a Motion to Proceed *in forma pauperis* ("IFP Motion"). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your institutional account. Importantly, even if your lawsuit is later dismissed, the Court will continue to collect the filing fee until it has received the full amount of $350 from your institutional account.

You have not paid the $402 filing fee or filed an IFP Motion. If you wish to pursue this action, you must, within thirty (30) days of the entry of this Order, either: (1) pay the $402 filing fee in full; or (2) file a properly completed IFP Motion*, including* the required certificate of funds in your inmate trust ("Certificate") and

Calculation Sheet providing the monthly deposits and balances in your inmate trust account for the 6-month period prior to the filing of this action; both of these forms must be completed and signed by authorized jail officials.[3] The Court must have this financial information to determine whether: (1) you are entitled to proceed *in forma pauperis*; and (2) to assess an initial partial filing fee.[4]

IT IS THEREFORE ORDERED THAT:

1.    The Clerk is directed to send Plaintiff an IFP Motion, including the necessary Certificate and Calculation Sheet, along with a copy of this Order.

2.    If Plaintiff wishes to proceed with this action, he must, **on or before May 30, 2023**, either: (1) pay the $402 filing fee in full; or (2) complete and sign the IFP Motion, have an authorized detention facility official complete and sign both the Certificate and Calculation Sheet, and return the IFP Motion and signed forms to the Clerk. **If Plaintiff does not timely comply with this Order, this case will be dismissed, without prejudice.**

3.    **Detention facility officials are directed to assist Plaintiff in completing the necessary forms**.

4.    The Clerk is directed to send a copy of this Order to the Jail Administrator of the Greene County Detention Facility in Paragould, Arkansas.

IT IS SO ORDERED this 28th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* 28 U.S.C. § 1915(a)(2) (prisoner seeking IFP status must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint … obtained from the appropriate official of each prison at which the prisoner is or was confined").

[4] *See* 28 U.S.C. § 1915(b)(1) (providing that the initial partial filing fee must be "20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account").